# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA JEAN BAPTISTE,<br><br>    Plaintiff,<br>v.<br><br>TAPESTRY, INC.,<br><br>    Defendant. | Civil Action No.<br>2:18-CV-3275-KM-SCM<br><br>**OPINION ON DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**[D.E. 3]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

  Before the Court is Defendant Tapestry, Inc.'s ("Tapestry") motion to transfer venue.[1] Plaintiff Monica Jean Baptiste ("Ms. Baptiste") opposed the motion,[2] and Tapestry filed a reply.[3] The Court has reviewed the parties' respective submissions and decides the motion without oral argument. For the reasons set forth herein, the Court *sua sponte*[4] transfers this matter to the United States District Court for the Southern District of New York under Section 1406[5] and terminates Tapestry's Section 1404(a)[6] motion to transfer as **MOOT**.

---

[1] (ECF Docket Entry ("D.E.") 3, Def.'s Mot. to Transfer Venue). The Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 4, Pl.'s Opp'n).

[3] (D.E. 5, Def.'s Reply).

[4] *See, e.g.*, *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

[5] 28 U.S.C. § 1406.

[6] 28 U.S.C. § 1404(a).

I.   **<u>BACKGROUND AND PROCEDURAL HISTORY</u>**[7]

This is a wrongful termination dispute arising from Tapestry's alleged retaliation against Ms. Baptiste for taking leave after the birth of her child.[8] Ms. Baptiste alleges that Tapestry's failure to restore her position and subsequent termination[9] violated the Family and Medical Leave Act and the New York Disability Benefits and Paid Family Leave Law.[10]

According to Ms. Baptiste, shortly after she became pregnant, she informed Tapestry that she intended to take a leave of absence.[11] Ms. Baptiste began her scheduled leave after giving birth in September of 2017.[12] Tapestry terminated Ms. Baptiste on January 10, 2018, two days after she returned from leave.[13] Ms. Baptiste contends that Tapestry never criticized her or informed her that her position was in jeopardy prior to, during, and up until her termination,[14] and gave her position to another employee.[15]

---

[7] The Court relies upon the allegations set forth within the pleadings and motion record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[8] (D.E. 1, Compl., at ¶ 9).

[9] (D.E. 1, Compl., at ¶ 11).

[10] (D.E. 1, Compl., at ¶ 10).

[11] (D.E. 1, Compl., at ¶ 4).

[12] (D.E. 1, Compl., at ¶ 6).

[13] (D.E. 1, Compl., at ¶ 8).

[14] *Id.*

[15] (D.E. 1, Compl., at ¶ 7).

On May 7, 2018, Tapestry filed its motion to transfer venue.[16] Ms. Baptiste filed an opposition[17] and Tapestry filed a reply.[18] As of the date of this Opinion, Tapestry has not filed an answer or Rule 12(b) motion to dismiss.[19]

Tapestry asserts that venue is improper in New Jersey and that New York is the proper venue.[20] Tapestry is a Maryland corporation[21] whose principal place of business and headquarters are located in New York, New York.[22] While Ms. Baptiste is a resident of New Jersey,[23] she worked for Tapestry in New York at all relevant times,[24] and the alleged misconduct occurred in New York.[25]

---

[16] (D.E. 3, Def.'s Mot. to Transfer Venue).

[17] (D.E. 4, Pl.'s Opp'n).

[18] (D.E. 5, Def.'s Reply).

[19] Fed. R. Civ. P. 12(b).

[20] (D.E. 3-1, Def.'s Br., at 5).

[21] (D.E. 7, Def.'s Letter, at 1).

[22] (D.E. 3-1, Def.'s Br., at 5).

[23] (D.E. 4, Pl.'s Opp'n, at 2).

[24] (D.E. 5, Def.'s Reply).

[25] (D.E. 3-1, Def.'s Br., at 5).

## II. LEGAL STANDARD

### A. Magistrate Judge Authority

Magistrate judges may decide motions to transfer because they are non-dispositive.[26] The decision to grant or deny an application for transfer is discretionary.[27] If a party appeals the decision, the district court must affirm the decision unless it is "clearly erroneous or contrary to law."[28]

### B. Venue Transfer

Ordinarily, federal courts transfer venue under Section 1404 or Section 1406.[29] The first step in deciding which section applies is to determine whether venue in the original forum is proper.[30] Section 1391(b) governs where venue is proper and states that a party may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[26] *See, e.g.*, *Stalwart Capital, LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637, at *1 (D.N.J. Apr. 30, 2012); *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223 (D.N.J. 1996); *see also Holbrook v. Pols*, No. 1:17-CV-186, 2018 WL 558929, at *1 (S.D. Ohio Jan. 25, 2018); *Blinzler v. Marriott Int'l, Inc.*, 857 F. Supp. 1, 2 (D.R.I. 1994); *Searcy v. Knostman*, 155 B.R. 699, 702 (S.D. Miss. 1993); *Hitachi Cable America, Inc. v. Wines*, 1986 WL 2135, at *2 (D.N.J. Feb. 14, 1986).

[27] *See Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (citations omitted).

[28] *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (citations omitted).

[29] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

[30] *Weichert Real Estate Affiliates, Inc. v. CKM16, Inc.*, 17-4824, 2018 WL 652331, at *3 (D.N.J. Jan. 31, 2018); *SKF USA, Inc. v. Okkerse*, 992 F. Supp. 2d 432, 446 (E.D. Pa. 2014); *Coppola v. Ferrellgas*, 250 F.R.D. 195, 196 (E.D. Pa. 2008).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[31]

With regard to venue based on residence, a defendant resides wherever the court may exercise personal jurisdiction over that defendant.[32] A court may exercise either "general" or "specific" personal jurisdiction over a defendant.[33] A defendant's "continuous and systematic" contacts with the forum state determine general jurisdiction,[34] whereas specific jurisdiction arises when the defendant purposely availed its activities to the forum state[35] and when the plaintiff's claim relates to, or arises out of, the defendant's contacts with the forum.[36]

When both the original and requested venue are proper, Section 1404(a) is the appropriate mechanism of transfer.[37] Conversely, if the original venue is improper, courts apply Section 1406

---

[31] 28 U.S.C. § 1391(b).

[32] 28 U.S.C. § 1391(c)(2).

[33] *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).

[34] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984).

[35] *Walburn v. Rovema Packaging Machines, L.P.*, 07-3692, 2008 WL 852334, at *4 (D.N.J. Mar. 28, 2008) (quoting *O'Connor v. Sandy Land Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007)).

[36] *Helicopteros*, 466 U.S. at 427.

[37] *Jumara*, 55 F.3d at 878; *Tonkinson v. Byrd*, No. 17-06162, 2018 WL 1919829 at *7 (D.N.J. Apr. 24, 2018); *DermaMed, Inc. v. Spa De Soleil, Inc.*, 152 F. Supp. 2d 780, 782 (E.D. Pa. 2001); *see, e.g.*, *Weichert*, 2018 WL 652331 at *3 (stating that the original venue must be proper in a Section 1404(a) transfer); *SKF USA*, 992 F. Supp. 2d at 446 (same); *State Farm Mut. v. Tz'Doko V'Chesed*, 543 F. Supp. 2d 424, 434 (E.D. Pa. 2008) (same); *Coppola*, 250 F.R.D. at 196 (same);.

to either transfer or dismiss a case.[38] A defendant filing a Section 1406 motion to transfer venue has the burden of proving that venue is improper.[39] Alternatively, if a court finds that venue is improper, it may, *sua sponte*,[40] either dismiss the case, or if in the interest of justice, transfer the case to a proper district, under Section 1406.[41]

## III. DISCUSSION

With the principles above in mind, the Court requested clarification as to whether Tapestry seeks transfer pursuant to Section 1406 rather than Section 1404.[42] Nevertheless, Tapestry continues to argue that "venue is improper in New Jersey"[43] but insists that they wish to transfer under Section 1404.[44] More specifically, Tapestry argues that unlike this District, the Southern District of New York is a proper venue and more convenient for the witnesses, parties, and documentary evidence.[45]

---

[38] 28 U.S.C. § 1406; *Jumara*, 55 F.3d at 878.

[39] *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1981) ("the defendant should ordinarily bear the burden of showing improper venue"); *see also Reitnour v. Cochran*, 86-4869, 1987 WL 9774, at *1 n.1 (E.D. Pa. Apr. 22, 1987) (holding that the defendant, as the movant, bears burden of proving improper venue in context of Section 1406(a) motion).

[40] *U.S. ex. Rel. Groundwater Tech.s, Inc. v. Sevenson Environmental Serv.s, Inc.*, 00-311, 2000 WL 33256658, at *2 (D.N.J. Oct. 5, 2000) ("A district court is required 'to consider—*sua sponte*—the applicability of the federal transfer statutes, 28 U.S.C. § 1404(a) and 1406.'") (quoting *Reynolds Publishers, Inc. v. Graphics Fin. Grp., LTD.*, 938 F.Supp. 256, 260-61 (D.N.J. 1996)).

[41] *See* 28 U.S.C. § 1406(a).

[42] (D.E. 6, Order, at ¶ 1).

[43] (D.E. 3-1, Def.'s Br., at 6).

[44] (D.E. 7, Def.'s Letter, at 1).

[45] (D.E. 3-1, Def.'s Br., at 7-8).

As a preliminary matter, the Court finds that transferring venue under Section 1404(a) is inappropriate in this case. Tapestry's arguments, allegations, and alleged facts that show that venue is improper in this District are inconsistent with a Section 1404(a) transfer. As discussed above, in order to transfer under Section 1404(a), original venue must be proper in this District pursuant to Section 1391(b).[46]

Section 1391(b)(1) states that venue is proper in a district where the defendant resides,[47] and corporations reside wherever "such defendant is subject to the court's personal jurisdiction."[48] Although vague, because Tapestry alleges that "venue is improper in New Jersey,"[49] it raises by implication the lack of personal jurisdiction.[50] Neither party specifies any contact between Tapestry and New Jersey, save Ms. Baptiste's unsupported[51] claim that Tapestry's principal place of business is New Jersey.[52]

After reviewing the alleged facts in the Complaint and briefs in the light most favorable to Ms. Baptiste, the Court finds that Tapestry's activities in New Jersey are insufficient to exercise

---

[46] *See, e.g.*, *Weichert*, 2018 WL 652331 at *3; *SKF USA* 992 F. Supp. 2d at 446; *Coppola* 250 F.R.D. at 196.

[47] 28 U.S.C. § 1391(b)(1).

[48] 28 U.S.C. § 1391(c)(2).

[49] (D.E. 3-1, Def.'s Br., at 6).

[50] If a party alleges that venue is improper, that party necessarily implies that the defendant does not reside in that venue, i.e., the court could not exercise personal jurisdiction over the defendant, and a substantial part of the events giving rise to the claim did not occur in the forum state. *See* 28 U.S.C. §§ 1391(b)(1)–(3).

[51] Tapestry asserted that its principal place of business is actually in New York. *See* (D.E. 3-1, Def.'s Br., at 5-6) (citing Tapestry's website, which implies that its headquarters is in New York).

[52] (D.E. 1, Compl., at ¶ 1).

general jurisdiction. For a corporate defendant, a court typically exercises general jurisdiction when either the corporation's principal place of business or place of incorporation is within the forum state.[53] Ms. Baptiste contends that Tapestry's principal place of business is in this District,[54] but bald allegations are insufficient to establish personal jurisdiction.[55] At the Court's request,[56] Tapestry clarified that its principal place of business is in New York and that Maryland is its place of incorporation.[57] Ms. Baptiste did not contest these allegations.[58]

If a corporation does not fit within the two traditional paradigms of general jurisdiction, courts may look to "whether [the] corporation's affiliations with the state are so continuous and systematic as to render [it] essentially at home in the forum state."[59] Resolving all disputed facts in favor of Ms. Baptiste, there is nothing in the record to suggest that Tapestry is "essentially at home" in New Jersey.[60]

Additionally, the Court finds that it cannot exercise specific jurisdiction over Tapestry in New Jersey. A review of the record reveals nothing to imply that Tapestry has purposely availed itself of the privileges of New Jersey. More importantly, the parties appear to agree that the claims

---

[53] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[54] (D.E. 1, Compl., at ¶ 1).

[55] *See, e.g.*, *William M. Young Co. v. Pulte Home Corp.*, 02-7771, 2003 WL 22100889 at *2 (E.D. Pa. July 15, 2003).

[56] *See* (D.E. 6, Order).

[57] (D.E. 7, Def.'s Letter, at 1).

[58] *See generally* (D.E. 8, Pl.'s Letter).

[59] *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

[60] *Id.*

do not "arise out of or relate to" Tapestry's contacts in New Jersey.[61] Ms. Baptiste does not contest that she worked for Tapestry in New York at all relevant times, Tapestry's headquarters are located in New York, and the alleged misconduct occurred in New York.[62] Consequently, because the Court cannot exercise specific or general jurisdiction over Tapestry, venue is improper under Section 1391(b)(1).

Turning then to Section 1391(b)(2), venue is proper where a substantial part of the events in the claim occurred.[63] As discussed above, because Ms. Baptiste does not contest that all of the events giving rise to the claim occurred in New York rather than New Jersey,[64] New Jersey is an improper venue under Section 1391(b)(2).

Finally, venue is also improper according to Section 1391(b)(3) because another district exists where this case might have been brought, the Southern District of New York. For example, the Court could exercise personal jurisdiction at Tapestry's principal place of business, the Southern District of New York,[65] where all the alleged events which gave rise to the claim occurred.[66] Accordingly, having established that venue is improper in New Jersey, the Court cannot transfer under Section 1404(a), which requires that venue be proper in both the transferor and transferee districts.[67]

---

[61] *Helicopteros*, 466 U.S. at 427.

[62] (D.E. 3-1, Def.'s Br., at 5); (D.E. 4, Pl.'s Opp'n); (D.E. 8, Pl.'s Letter).

[63] 28 U.S.C. § 1391(b)(2).

[64] (D.E. 3-1, Def.'s Br., at 6).

[65] *Id.*

[66] (D.E. 3-1, Def.'s Br., at 5); (D.E. 4, Pl.'s Opp'n, at 4).

[67] *Jumara*, 55 F.3d at 878; *Tonkinson*, 2018 WL 1919829 at *7; *DermaMed*, 152 F. Supp. 2d at 782; *see, e.g.*, *Weichert*, 2018 WL 652331 at *3 (stating that the original venue must be proper in

Although not necessary to reach the Court's decision, the Court will address Tapestry's supplemental briefing in support of its position that Section 1404(a) should govern this transfer, rather than Section 1406.[68] Tapestry relies on a Supreme Court decision which found that the original forum does *not* have to be *improper* for a Section 1404(a) transfer.[69] This is a distinction without a difference[70] because the Third Circuit mandates that venue *must* be *proper* in the original forum for a Section 1404(a) transfer.[71] These holdings are not mutually exclusive and are entirely consistent with one another, as if to say, "the Supreme Court held that you cannot come to court barefoot, but the Third Circuit held that you must wear shoes to court."

This conclusion, however, does not end the Court's analysis. Having found that venue is improper, the Court may *sua sponte* consider if a transfer or dismissal under Section 1406 is appropriate.[72] The Court must assess "if it be in the interest of justice" to transfer the case to a district where it could have been brought or dismiss the case.[73] The Court finds that Ms. Baptiste could have brought this action in the Southern District of New York because Tapestry's principal

---

a Section 1404(a) transfer); *SKF USA*, 992 F. Supp. 2d at 446 (same); *State Farm*, 543 F. Supp. 2d at 434 (same); *Coppola*, 250 F.R.D. at 196 (same).

[68] (D.E. 7, Def.'s Letter, at 1).

[69] *Id.* (quoting *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 50 (2013)) (emphasis added).

[70] A type of logical fallacy.

[71] *Weichert*, 2018 WL 652331 at *3; *SKF USA*, 992 F. Supp. 2d at 446; *State Farm Mut*, 543 F. Supp. 2d at 434; *Coppola*, 250 F.R.D. at 196 (emphasis added).

[72] *See, e.g.*, *Decker*, 165 F. App'x at 954 n.3.

[73] 28 U.S.C. § 1406.

place of business is located in that district[74] and a substantial part of the events that gave rise to the claim occurred in that district.[75]

The Court is mindful of the inconvenience that transfer will impose on Ms. Baptiste, but the alternative is dismissal. Congress enacted Section 1406 to "avoid the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess as to the facts underlying the choice of venue."[76] Rather than dismiss Ms. Baptiste's Complaint, the Court finds that it is in the interest of justice to transfer this case to the Southern District of New York.

IV. **CONCLUSION**

For the foregoing reasons, the Court *sua sponte* transfers to the Southern District of New York under Section 1406.[77] Consequently, the Court terminates Tapestry's motion to transfer venue under Section 1404(a) as **MOOT**. An appropriate order follows.

---

[74] (D.E. 3-1, Def.'s Br., at 6).

[75] (D.E. 3-1, Def.'s Br., at 5; D.E. 4, Pl.'s Opp'n, at 4).

[76] *Eviner v. Eng*, 12-2245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) (citations omitted).

[77] 28 U.S.C. § 1406.

## ORDER

**IT IS** on this Thursday, August 9, 2018,

1. **ORDERED** that the Clerk of the Court transfer this action to the Southern District of New York;[78] and it is further

2. **ORDERED** that the Clerk of the Court shall terminate Tapestry's motion to transfer under Section 1404(a)[79] (D.E. 3) as **MOOT**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/9/2018 2:46:35 PM

Original: Clerk of the Court
Hon. Kevin McNulty, U.S.D.J.
cc: All parties
    File

---

[78] *Id.*

[79] 28 U.S.C. § 1404(a).